## INSTRUCTION NO. 1

Members of the Jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions on the law that applies to this case. You must, of course, continue to follow all the instructions I gave you earlier, as well those I give you now.

The instructions I am about to give you now are in writing and will be available to you in writing in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all my instructions, whether given in writing or spoken from this bench, must be followed.

It is your duty as jurors to follow the law as stated in the instructions, and to apply the given rules of law to the facts as you find them to be from the evidence in this case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law as stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict

Court's Final Jury Instructions -                    *Harding v. Dollar Tree Stores*
                                    -1-                    3:14-cv-35-DPM

upon any other view of the law other than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in the instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts. You will determine the facts. During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth about the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the Court's instructions.

Statements and arguments of counsel are not evidence in the case. When the lawyers on both sides stipulate or agree on the existence of a fact, however, the Jury must accept the stipulation and regard that fact as proved. The evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them and any documents,

photographs, or other items that are received by the Court, and all facts that may have been admitted or stipulated.  Any evidence on which an objection was sustained by the Court — and any witness statement or tangible item that was stricken by the Court — must be entirely disregarded.

Anything you may have seen or heard outside this courtroom is not evidence, and it must be entirely disregarded.

## INSTRUCTION NO. 2

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First,* when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you all here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third,* if you need to communicate with me during your deliberations, you may send a note to me, through the court security officer, that is signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court.   Remember that you should never tell anyone — including me — how your votes stand numerically.

*Fourth,* your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.   The verdict must be unanimous. Again, nothing I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

## INSTRUCTION NO. 4

You are the sole judges of the credibility of the witnesses and the weight and value to be given to their testimony. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness's intelligence; the opportunity the witness had to see or hear the things about which he or she testified; the witness's memory; any motives a witness may have for testifying a certain way; the manner and demeanor of the witness while testifying; whether the witness said something different at an earlier time; the general reasonableness or unreasonableness of the testimony; and the extent to which the testimony is consistent with any other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent

Court's Final Jury Instructions -                    *Harding v. Dollar Tree Stores*
                                    -7-                  3:14-cv-35-DPM

misrecollection, lapse of memory, or a lie — and that may depend on whether

it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 5

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness whatever credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust that witness's other testimony and you may reject all the testimony of that witness or give it whatever credibility you think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily or intentionally, and not because of mistake or accident or other innocent reason.

## INSTRUCTION NO. 6

In considering the evidence in this case you are not required to set aside your common sense or common knowledge. You have the right to consider all the evidence in light of your own observations and experiences in the affairs of life.

## INSTRUCTION NO. 7

In these instructions you are told that one or the other party has the burden to prove certain facts. The burden of proving a fact is placed upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by the "preponderance of the evidence" is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

If, on any issue of fact in the case, the evidence is equally balanced, you cannot find that fact has been proved. The preponderance of the evidence is not necessarily established by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." This is a stricter standard, which applies in criminal cases. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

## INSTRUCTION NO. 8

A fact in dispute may be proved by circumstantial evidence and by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

## INSTRUCTION NO. 9

The rights of Jonnas Harding and Rodney Harding are separate and distinct. Treat their claims as if they were separate suits. If an instruction or evidence applies to one of their claims, then it governs his or her case.

Consider the evidence about each of their claims, though some may be relevant to both claims. Likewise, follow my instructions about each claim, though some may apply to both claims.

## INSTRUCTION NO. 10

Jonnas Harding claims damages from Dollar Tree Stores, Inc. and has the burden of proving each of three essential propositions:

First, that she has sustained damages;

Second, that Dollar Tree was negligent;

And third, that Dollar Tree's negligence was a proximate cause of her damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for Jonnas Harding; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for Dollar Tree.

## INSTRUCTION NO. 11

Rodney Harding claims loss-of-consortium damages from Dollar Tree Stores, Inc. and has the burden of proving each of three essential propositions:

First, that he has sustained damages;

Second, that Dollar Tree was negligent;

And third, that Dollar Tree's negligence was a proximate cause of his damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for Rodney Harding; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for Dollar Tree.

## INSTRUCTION NO. 12

Dollar Tree Stores, Inc. contends that Jonnas Harding was negligent and that her negligence was a proximate cause of her injuries. Dollar Tree has the burden of proving this contention.

## INSTRUCTION NO. 13

When I use the word "negligence" in these instructions I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case. To constitute negligence, an act must be one from which a reasonably careful person would foresee such an appreciable risk of harm to others as to cause him or her not to do the act, or to do it in a more careful manner.

## INSTRUCTION NO. 14

A failure to exercise ordinary care is negligence. When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful person would act under those circumstances.

## INSTRUCTION NO. 15

It was the duty of all persons or businesses involved in the occurrence to use ordinary care for their own safety and the safety of others.

## INSTRUCTION NO. 16

The law frequently uses the expression "proximate cause," with which you may not be familiar. When I use the expression "proximate cause," I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.

## INSTRUCTION NO. 17

Every person using ordinary care has a right to assume, until the contrary is or reasonably should be apparent, that every other person or business will use ordinary care and obey the law. To act on that assumption is not negligence.

## INSTRUCTION NO. 18

The fact that an injury occurred is not, of itself, evidence of negligence on the part of anyone.

## INSTRUCTION NO. 19

In this case, Jonnas Harding was an invitee upon the premises of Dollar

Tree Stores, Inc.   Dollar Tree owed Mrs. Harding a duty to use ordinary care

to maintain the premises in a reasonably safe condition.   No such duty exists,

however, if the condition of the premises that creates the danger was known

by or obvious to Mrs. Harding — unless Dollar Tree should have reasonably

anticipated that she would be exposed to the danger despite her knowledge

of it or its obvious nature.

## INSTRUCTION NO. 20

If you should find that the occurrence was proximately caused by negligence on the part of Dollar Tree Stores, Inc. and not by negligence on the part of Jonnas Harding, then she is entitled to recover the full amount of any damages you may find  she has sustained as a result of the occurrence.

If you should find that the occurrence was proximately caused by negligence of both Mrs. Harding and Dollar Tree, then you must compare the percentages of their negligence.

If the negligence of Mrs. Harding is of less degree than the negligence of Dollar Tree, then she is entitled to recover any damages which you may find she has sustained as a result of the occurrence reduced in proportion to the degree of her own negligence.  The Court will make this reduction based on the Jury's apportionment of negligence.

On the other hand, if Dollar Tree was not negligent, or if the negligence of Mrs. Harding is equal to or greater in degree than the negligence of Dollar Tree, then Mrs. Harding is not entitled to recover any damages.

## INSTRUCTION NO. 21

If you decide for Jonnas Harding on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following four elements of damage sustained, which you find were proximately caused by the negligence of Dollar Tree Stores, Inc.:

First: The nature, extent, and duration of any injury and whether it is temporary or permanent.

Second: The reasonable expense of any necessary medical care, treatment and services received, and the present value of such expense reasonably certain to be required in the future.

Third: Any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future.

Fourth: Any scars and disfigurement and visible results of her injury.

Whether any of these four elements of damage has been proved by the evidence is for you to decide.

## INSTRUCTION NO. 22

If you find for Rodney Harding on his claim for loss of consortium, you should award him such damages as from the evidence would fairly compensate him for the reasonable value of any loss of the services, society, companionship, and marriage relationship of his wife proximately caused by the negligence of Dollar Tree Stores, Inc.

## INSTRUCTION NO. 23

If it becomes necessary for you to assess damages, then in fixing the amount of money which will reasonably and fairly compensate Jonnas Harding, you are to consider that an injured person must use ordinary care to determine whether medical treatment is needed and to obtain medical treatment and to follow the instructions of her physician, and that any damages resulting from a failure to use such care cannot be recovered.

## INSTRUCTION NO. 24

In assessing the damages of Jonnas Harding, do not reduce the amount of the damages by any insurance payments including, but not limited to, health insurance, Medicare, or Medicaid received or to be received by, or on behalf of Jonnas Harding.  Any reduction required by law will be made by the Court.

## INSTRUCTION NO. 25

In the event that you find that Jonnas Harding is entitled to damages arising in the future because of injuries or future medical expenses, you must determine the amount of these damages.

If these damages are of a continuing nature, you may consider how long they will continue. If they are permanent in nature, then in computing these damages you may consider how long Mrs. Harding is likely to live.

Mortality tables are evidence of an average life expectancy of a person who has reached a certain age, but they are not conclusive. They may be considered by you in connection with other evidence relating to the probable life expectancy of Mrs. Harding, including evidence of her occupation, health, habits, and other activities, bearing in mind that some persons live longer than the average and some persons less than the average.

## INSTRUCTION NO. 26

I have used the expression "present value" in these instructions with respect to certain elements of damage which you may find that Jonnas Harding will sustain in the future. This simply means that if you find that Mrs. Harding is entitled to recover any elements of damage which require you to determine their present value, you must take into consideration the fact that money recovered will earn interest, if invested, until the time in the future when these losses will actually occur. Therefore, you must reduce any award of such damages to compensate for the reasonable earning power of money.

## INSTRUCTION NO. 27

The verdict forms are simply the written notice of your decision. See the attached questions.

You will take the verdict forms to the jury room, and when each of you has agreed on the answers, your foreperson will fill in the forms for each question that you are called upon to answer to reflect your unanimous decision, sign and date them, and then advise the court security officer that you are ready to return to the courtroom.

I add the caution that nothing said in the instructions — and nothing in the verdict forms I've prepared for your convenience — is or was intended to suggest or convey in any way or manner any intimation as to what answers I think you should find. How you choose to answer the verdict forms shall be the sole and exclusive responsibility of you, the Jury.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the court security officer, signed by your foreperson, or by one or more members of the Jury. No member of the Jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of

Court's Final Jury Instructions -                    *Harding v. Dollar Tree Stores*
                                      -31-                    3:14-cv-35-DPM

the Jury on any subject touching the merits of the case, other than in writing, or orally here in open Court.

You will note from the oath about to be taken by the court security officer to act as bailiff that he, and all other persons, are forbidden to communicate in any way or manner with any member of the Jury on any subject touching the merits of the case. Bear in mind also that you must never reveal to any person, not even to the Court, how the Jury stands, numerically or otherwise, on the issue presented to you unless or until you reach a unanimous verdict.

Court security officer, do you solemnly swear to keep this Jury together in the jury room, and not to permit any person to speak to or communicate with them, concerning this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and to return them into the Courtroom when they have so agreed, or when otherwise ordered by the Court, so help you God?

## VERDICT FORM No. 1

1.   On Jonnas Harding's negligence claim against Dollar Tree Stores, Inc.,
as submitted in Instruction No. 10, we find for:

_____ Jonnas Harding                 _____ Dollar Tree

**If you found for Mrs. Harding, then answer Question 2.  If you found for
Dollar Tree, then your deliberations on this verdict are done.**

2.   Has Dollar Tree proved that Mrs. Harding was negligent, and that her
negligence was a proximate cause of her injury, as submitted in
Instruction No. 12?

_____ Yes                 _____ No

**If you answered  "Yes" to Question 2, then answer Question 3.  If you
answered "No" to Question 2, then skip Question 3 and answer
Question 4.**

3.    Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

Dollar Tree:              _____ %

Jonnas Harding:          _____ %

**If Mrs. Harding's percentage is less than Dollar Tree's percentage, then Mrs. Harding is entitled to recover damages and you must proceed to Question 4.   Don't reduce Mrs. Harding's damages (if any) for her percentage of responsibility (if any).   The Court will make any needed reduction based on your answer to Question 3.   If Mrs. Harding's percentage is equal to or greater than Dollar Tree's percentage, then Mrs. Harding is not entitled to recover damages and your deliberations on this verdict are done.**

**4.**     Pursuant to Instruction No. 21, we find that Mrs. Harding's damages are:

- Physical Injury                    $_____

- Medical Care                      $_____

- Pain and Suffering              $_____

- Scars and Disfigurement      $_____

                                    Total:     $_____


Sign and date this form.


_____          _____
Foreperson                                              Date


Verdict Forms Final                                    *Harding v. Dollar Tree Stores*
                                    -3-                        3:14-cv-35-DPM

## VERDICT FORM No. 2

**If your verdict is for Jonnas Harding and against Dollar Tree Stores, Inc. on Verdict Form No. 1, then answer these questions.  If your verdict is for Dollar Tree and against Mrs. Harding, then don't answer any of the questions on this verdict form.**

1.   On Rodney Harding's loss-of-consortium claim against Dollar Tree Stores, Inc., as submitted in Instruction No. 11, we find for:


_____ Rodney Harding     _____ Dollar Tree

**If you found for Mr. Harding on Question 1, then answer Question 2.  If you found for Dollar Tree on Question 1, then your deliberations are done.**

2.   Pursuant to Instruction No. 22, we find by a preponderance of the evidence that Mr. Harding's total damages are \$_____.

Verdict Forms Final

-4-

*Harding v. Dollar Tree Stores*
3:14-cv-35-DPM

Sign and date this form and advise the Court that you have finished your deliberations.

_____          _____

Foreperson                                Date